UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          Case No. 15-20506
                                                                            Honorable Victoria A. Roberts
OTIS WILDER,

    Defendant.

_____/

## ORDER DENYING PETITION FOR HABEAS RELIEF [ECF No. 50]

**I.   INTRODUCTION**

Otis Wilder ("Wilder") moves to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Wilder argues he was denied effective assistance of trial counsel.

For reasons that follow, the Court **DENIES** Wilder's petition for habeas relief.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

Wilder's mother, Iotis Wilder, was receiving social security survivor benefits as a deceased spouse when she passed away in November 1989. For 25 years after that, the Social Security Administration ("SSA") continued to pay benefits under her name, resulting in a loss to the government of $264,692.15. The United States says these funds were directly deposited into Mrs. Wilder's bank account which remained open after her death.

The evidence at trial demonstrated that Wilder – whose first name Otis is exceedingly close to his mother's – had custody and control of the ATM card associated with his mother's bank account following her death. Cameras at the bank show him

making ATM withdrawals from the account.  He also used the debit card associated with the account to make numerous purchases over 25 years with various retailers.

In August 2016, a jury convicted Wilder of both counts in the indictment: (1) theft of government funds in violation of 18 U.S.C § 641; and (2) false statements related to the theft of his deceased mother's Social Security benefits, 18 U.S.C. § 1001(a)(2).  This Court sentenced him in April 2017 to concurrent terms of twelve months and one day on both counts of conviction, and ordered him to make restitution to the SSA in the amount of $264,692.15.

Wilder appealed the judgment, arguing that: (1) the government presented insufficient evidence to support his convictions; and (2) this Court ordered an improper amount of restitution.  The Sixth Circuit denied his appeal and affirmed the judgment on October 4, 2017.

Wilder filed this petition for habeas relief on January 23, 2018.  The petition is timely.

### III.    LEGAL STANDARD

To succeed on a motion to vacate, set aside, or correct sentence, petitioner must allege: "1) an error of constitutional magnitude; 2) a sentence imposed outside the statutory limits; or 3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003).

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330

F.3d 733, 736 (6th Cir. 2003). "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (citation and internal quotation marks omitted).

## IV.   ANALYSIS

Wilder's petition raises three claims, all of which argue he was denied effective assistance of trial counsel. Specifically, he claims that his attorney: (1) failed to renew a Rule 29 motion for acquittal at the close of the defense case; (2) failed to investigate Wilder's claim that someone other than Wilder removed the social security benefits from his mother's account; and (3) "fail[ed] to utilize information" that "according to a reliable source[,] the SSA issued paper checks in 1989 when [Wilder's] mother died[,] and therefore he could not have withdrawn all of the money that the Government says was deposited directly into his mother's account.

### A.   Ineffective Assistance of Counsel

A defendant in a criminal prosecution has a right to the assistance of counsel. U.S. Const. amend. VI. The purpose of this protection is to ensure the accused is not left on his own in facing the prosecutorial forces of organized society. *Moran v. Burbine*, 475 U.S. 412, 430 (1986).

To establish ineffective assistance of counsel, a petitioner must demonstrate that defense counsel: 1) was deficient in his performance; and 2) prejudiced the defense, so as to render the outcome of the proceeding unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

When determining reasonableness under the first prong, courts must evaluate counsel's conduct on the facts of the particular case, viewed as of the time of the

conduct; this scrutiny must be highly deferential. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

To establish prejudice under the second prong, the petitioner must show that there is a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003).

In *Strickland*, the Supreme Court explains that counsel is "strongly presumed to have rendered adequate assistance and made significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. To demonstrate counsel was deficient, a petitioner must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687.

### B. Failure to Renew Rule 29 Motion

Federal Rule of Criminal Procedure 29(a) allows a defendant to file a motion at the end of the government proofs or after the close of all the evidence which argues that the government failed to sustain its burden to prove the defendant guilty, and the Court should acquit the defendant as a matter of law. Rule 29 also provides that the defendant can renew the motion within 14 days after the guilty verdict. Fed. R. Crim. P. 29(c)(1).

Defense counsel did not renew the motion for acquittal at the close of evidence. Wilder argues that his attorney's failure to do so "resulted in [him] forfeiting his right to challenge the sufficiency of the evidence, which also resulted in [him] not being able to raise the issue [in his habeas petition or] on Appeal."

4

Wilder is incorrect. He, in fact, did challenge the sufficiency of the evidence on appeal. The Sixth Circuit considered his argument and rejected it.

Presumably, Wilder is arguing that had the Rule 29 motion been renewed, the Sixth Circuit would have applied a different standard in its review. When a Rule 29 motion is made and denied, the appellate court will uphold the conviction if the evidence was sufficient to sustain the verdict. *Lockhart v. Nelson*, 488 U.S. 33, 40-42 (1988).

If a Rule 29 motion is not properly preserved at the trial level, review on appeal is only to avoid a manifest miscarriage of justice under plain error review – a more difficult standard to overcome than the sufficiency of the evidence standard. This appears to be Wilder's real argument: that he would have had the benefit of a standard of review more favorable to him if his lawyer had preserved a Rule 29 motion.

This argument, however, is insufficient to grant Wilder habeas relief. Various courts have held that the failure to preserve the more stringent standard of review does not rise to the level of *Strickland* ineffectiveness. *United States v. Quintero*, 78 F.3d 1344; 1350-51 (9th Cir. 1995); *United States v. Hourani*, No. 96-2049, 1999 WL 16472, at *4 (6th Cir. Jan. 8, 1999) ("Failure to move for acquittal for insufficiency of evidence, especially without specifying the defect or on a meritless claim, merely to preserve a more indulgent standard of review, is simply not deficient representation.").

In addition, Wilder fails to identify evidence admitted after his initial Rule 29 motion that would have undermined the sufficiency of the evidence already presented – which this Court found was sufficient for a rational trier of fact to conclude that Wilder was guilty beyond a reasonable doubt on both charges. Because the Court would have denied the motion regardless, trial counsel's failure to renew the motion was neither

5

ineffective nor prejudicial. *See Cervantes-Coronado v. United States*, No. 2:08-CR-38, 2016 WL 310435, at *6 (E.D. Tenn., Jan. 25, 2016) (collecting cases).

This claim fails.

### C. Failure to Investigate

Wilder next argues that his trial attorney failed to investigate his claim that someone other than Wilder removed funds from his mother's bank account. He says: (1) his attorney should have interviewed bank employees; (2) the SSA knew his mother had died; and (3) other people besides the SSA had deposited money into his mother's account and those were the funds he withdrew, not SSA funds.

Wilder's attorney did present evidence that funds besides SSA funds were deposited into his mother's account and that others may have accessed his mother's account.

Beyond that, because Wilder's petition is not well developed, it is hard to know what Wilder told his attorney that was not investigated, and what was investigated but unfruitful. As the government points out in its response, "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S. at 689); *see also Fitchett v. Perry*, 644 Fed. Appx. 485, 489 (6th Cir. 2015).

For the 25 years following Mrs. Wilder death, the SSA deposited over $260,000 into her account. To sustain a conviction against Wilder for theft of government funds, the government only needed to prove that Wilder took more than $1000. *See* 18 U.S.C. § 641. Evidence showed that Wilder withdrew at least this much money from his

mother's account via an ATM. Evidence produced also showed that Wilder made numerous debit card purchases, signing his mother's name which was nearly identical to his own. This evidence overwhelmingly demonstrated that Wilder unlawfully converted at least $1000 from the SSA.

Furthermore, Wilder was charged with making false statements to investigators. It was unrebutted that Wilder initially told investigators that he did not have a debit card associated with his mother's account. This was a fabrication and violation of 18 U.S.C. § 1001(a)(2).

Counsel only has a duty to reasonably investigate; *Strickland* and its progeny do not require counsel to investigate if: (1) further investigation would have been fruitless; or (2) the additional evidence (i) would be of little help, (ii) can reasonably be expected to be only cumulative, or (iii) carries serious risks of exposing the defendant's story as an invention. *See Fitchett*, 644 Fed. Appx. at 491 (citations omitted).

Wilder presents insufficient evidence to prove that his trial attorney was ineffective for failing to investigate further. Her duty was only "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691.

This argument fails as well.

**D. Failure to Utilize Available Information to Reduce Loss Amount**

Wilder claims that in 1989, the SSA did not direct deposit funds into his mother's account, but issued paper checks; and, that others could have had access to these checks and taken the social security benefits. He says his attorney failed to explore

how many paper checks were issued, and failed to raise this in an attempt to reduce the loss amount.

It is unrebutted that certain bank records were missing, and that the government estimated some of the amounts of benefits issued to Mrs. Wilder following her death. What was unrebutted, however, is that: (1) witnesses testified that they gave mail to Wilder following the death of his mother; (2) Wilder lived with his mother at the time of her death; and (3) even if paper checks were issued and mailed, Wilder had access to them.

It is unclear what Wilder argues his attorney should have done with regard to paper checks.  Again, the government needed only to prove that Wilder stole at least $1000 from the SSA; there was ample evidence that the SSA deposited at least $1000 into Mrs. Wilder's bank account, which Wilder accessed.

As the Court stated with regard to Wilder's claim that his lawyer failed to investigate, Wilder fails to demonstrate deficient performance on the part of his lawyer for failure to investigate or present evidence concerning the issuance of paper checks by the SSA.

Furthermore, Wilder's trial counsel did argue at sentencing that restitution should be limited to an amount that only available bank records supported.  The Court found the argument to be unavailing.

This claim fails.

**V.   CONCLUSION**

As discussed above, Wilder fails to satisfy the first prong of *Strickland*: that his trial counsel was constitutionally deficient in her performance.

8

When deciding an ineffective assistance claim, the Court is not bound to address both components on the inquiry if a petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. Nevertheless, Wilder also fails to satisfy the second prong of *Strickland*: that trial counsel so prejudiced him that the outcome of the proceedings was rendered unreliable.

To establish prejudice, Wilder needed to demonstrate a reasonable probability that but for the unprofessional conduct of counsel and her errors, the trial outcome would have been different. *Regalado*, 334 F.3d at 525. Wilder fails to demonstrate error on the part of trial counsel, let alone prejudicial error; he fails to satisfy his burden under *Strickland*.

For the reasons stated, Wilder's petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

## VI. CERTIFICATE OF APPEALABILITY

Wilder may not proceed on appeal unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. Proc. 22(b). Such a certificate may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons stated above, the Court denies Wilder a certificate of appealability. He fails to make a substantial showing that he was denied a constitutional right. *Cooey v. Coyle*, 289 F.3d 882, 887 (6th Cir. 2002).

Additionally, the Court finds that Wilder should not be granted leave to proceed *in forma pauperis* on appeal; any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS ORDERED**.

                                            s/ Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: 9/19/18

The undersigned certifies that a copy of this document was served on the attorneys of record and Otis Wilder by electronic means or U.S. Mail on September 19, 2018.

s/Linda Vertriest
Deputy Clerk